**William ST. CLAIR; John Shelton,**
**Plaintiffs–Appellants,**

v.

**CITY OF CHICO; County of Butte,**
**Defendants–Appellees.**

No. 88–2504.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 17, 1989.

Decided July 13, 1989.

Daniel R. Shulman, Minneapolis, Minn., for plaintiffs-appellants.

Fran Layton, Shute, Mihaly & Weinberger, San Francisco, Cal., for defendant/appellee County of Butte.

Carolee Kildruff, Bolling, Walter & Gawthrop, Sacramento, Cal., for defendant/appellee City of Chico.

Before POOLE, BOOCHEVER and WIGGINS, Circuit Judges.

WIGGINS, Circuit Judge:

Appellants William St. Clair and John Shelton timely appeal an order of the district court dismissing their complaint because it considered their claims not ripe for adjudication. Appellants assert that the district court erred both in its legal conclusion and in basing its decision on facts not alleged in the complaint, at least without first permitting discovery. The district court had jurisdiction of this case pursuant to 28 U.S.C. § 1331 (1982) and our jurisdiction rests on 28 U.S.C. § 1291 (1982). We affirm.

I

Appellants brought this action under 42 U.S.C. § 1983 (1982) alleging that the City of Chico's ("City") and the County of Butte's ("County") refusals either to connect Appellants' proposed real estate project to an existing sewer system or allow them to construct their own treatment facility effected an unconstitutional taking of their property and also deprived them of their constitutional rights to due process and equal protection of the laws. Appellants alleged in their complaint that they began the permitting process for approval of their proposed "Ravenwood" development by first receiving a required zoning change from the County. As a condition to that zoning change, however, the County required Appellants to connect their project to the City's sewer system. According to the allegations of the complaint, the City initially approved Appellants' application for a sewer connection, but subsequently conditioned its approval on the County's political concessions to matters that allegedly were unrelated to the merits of the Ravenwood development. Appellants further alleged in their complaint that the County would not accede to these conditions, nor would the City permit the sewer connection without them. Fearing an impasse, Appellants sought the County's approval for the construction of an independent sewage treatment facility. But the County, allegedly in a final decision from which no appeal or variance was possible, refused the application and continued to condition approval of the project on its connection to the City's sewer system. According to the complaint, similar projects received the County's approval for the construction of independent treatment facilities. The complaint concludes that the impasse reached between the City and the County ultimately caused Ravenwood to enter bankruptcy.

Both the City and the County filed motions of dismissal contending either that, under Fed.R.Civ.P. 12(b)(6) Appellants were not entitled to relief, or that under Fed.R.Civ.P. 12(b)(1) the district court was without federal jurisdiction. The City contested the complaint's factual allegations that approval of the sewer connection was all but complete before the dispute between the City and the County arose. Rather, the City referred to evidence in the record that approval of the connection depended, at least in part, on the annexation of the Ravenwood project to the City. In addition, both the City and the County contested the complaint's factual allegations that an impasse had been reached on the alleged political concessions. Both parties contended that discussions were continuing and that Appellants were never led to believe by either party that their project would not ultimately receive the necessary approval. The district court concluded that Appellants' claims were not ripe for adjudication both because there was never a "final decision" rejecting the proposed sewer connection and because Appellants' failure even to attempt annexation belied their argument that annexation would have been futile. Accordingly, the district court dismissed Appellants' complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1).

## II

The main issue in this case is accompanied by a procedural problem that we consider first. Appellants note that the district court's decision dismissing their complaint expressly rested on exhibits outside the complaint. Appellants argue that the decision is in error because the district court failed to assume the truth of the facts alleged in the complaint and that those facts do not support its conclusion. The district court did not err.

■ Whether a claim is ripe for adjudication goes to a court's subject matter jurisdiction under the case or controversy clause of article III of the federal Constitution. *Unity Ventures v. County of Lake*, 841 F.2d 770, 774 (7th Cir.), *cert. denied*, — U.S. ——, 109 S.Ct. 226, 102 L.Ed.2d 216 (1988). Like other challenges to a court's subject matter jurisdiction, motions raising the ripeness issue are treated as brought under Rule 12(b)(1) even if improperly identified by the moving party as brought under Rule 12(b)(6). *See Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir.1983). *See generally* 5 C. Wright & A. Miller, *Federal Practice & Procedure* § 1350 (1969). Unlike a Rule 12(b)(6) motion, a Rule 12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in so doing rely on affidavits or any other evidence properly before the court. *See Thornhill Publishing Co. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir.1979); *see also* C. Wright & A. Miller, *supra*, § 1350, at 550–51. It then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction. The district court obviously does not abuse its discretion by looking to this extra-pleading material in deciding the issue, even if it becomes necessary to resolve factual disputes. *See Thornhill Publishing*, 594 F.2d at 733.

■ There are only a few procedural limitations placed on a district court when it faces a factual challenge to a complaint's jurisdictional allegations. *See* C. Wright & A. Miller, *supra*, § 1350, at 558–59; *see also Crawford v. United States*, 796 F.2d 924, 929 (7th Cir.1986) ("No format is specified by statute or rule for evidentiary hearings on jurisdiction; any rational mode of inquiry will do."). Appellants argue that two such limitations apply here, but we find them both inapposite. Appellants assert first that the district court erred in denying them the opportunity of conducting additional discovery before making its decision. Discovery is necessary, however, only if it is possible that the plaintiff can demonstrate the requisite jurisdictional facts if afforded that opportunity. *See Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n. 24 (9th Cir.1977).

Where, as here, the extra-pleading material demonstrates that the controlling questions of fact are undisputed, additional discovery would be useless. *Cf. Williamson v. Tucker*, 645 F.2d 404, 414 (5th Cir.) ("Insofar as the defendant's motion to dismiss raises factual issues, the plaintiff should have an opportunity to develop and argue the facts in a manner that is adequate in the context of the disputed issues and evidence."), *cert. denied*, 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981). Also, Appellants have not explained why they failed to conduct adequate discovery on the jurisdictional issue even though they conducted substantial discovery on the merits of their claims during the period preceding the filing of the City's and the County's motions for dismissal. *Cf. Berardinelli v. Castle & Cooke Inc.*, 587 F.2d 37, 39 (9th Cir.1978) (per curiam) (rejecting similar argument in part because plaintiff made no effort to undertake any discovery during period between filing of complaint and filing of motion to dismiss). The district court did not err in denying Appellants the opportunity to conduct additional discovery under these circumstances.

■ Appellants argue next that the district court should have reserved decision on the jurisdictional issue until after a completed trial on the merits. They concede that ordinarily the issue of jurisdiction is for the district judge to decide, but they contend that a jurisdictional issue that is "intertwined" with the merits must be decided by a jury and, as a result, must await trial on the merits. The problem with Appellants' argument is that "the jurisdictional issue and the issue on the merits are [not] factually so 'completely intermeshed,'" *McBeath v. Inter–American Citizens for Decency Committee*, 374 F.2d 359, 362–63 (5th Cir.1967), that 'the question of jurisdiction is dependent on decision of the merits,' *Land v. Dollar*, 330 U.S. 731, 735, 67 S.Ct. 1009, 1011, 91 L.Ed. 1209 (1947)." *Berardinelli*, 587 F.2d at 39. As we made clear in *Herrington v. County of Sonoma*, 857 F.2d 567 (9th Cir.1988), *modifying* 834 F.2d 1488 (9th Cir.1987), *cert. denied*, — U.S. ——, 109 S.Ct. 1557, 103 L.Ed.2d 860 (1989), the issue of ripeness has nothing to do with the merits of claims challenging land use regulations and, indeed, a district court errs if it submits the issue to the jury. *See id.* at 568. In short, the district court did not err in deciding the ripeness issue under the terms of Fed.R.Civ.P. 12(b)(1).

## III

The focus of this appeal is on the district court's legal conclusion that Appellants' claims against the City and the County were not ripe for adjudication. We review this decision de novo. *Kinzli v. City of Santa Cruz*, 818 F.2d 1449, 1453 n. 4 (9th Cir.1987), *modified*, 830 F.2d 968 (9th Cir.), *cert. denied*, — U.S. ——, 108 S.Ct. 775, 98 L.Ed.2d 861 (1988). There are essentially three claims underlying Appellants' complaint. First, the County allegedly denied Appellants' rights to the equal protection of the laws by refusing to permit the construction of an independent sewage treatment facility even though similar projects received such approval. Second, the City allegedly denied Appellants' rights to substantive due process and equal protection of the laws by imposing conditions on the approval of their application that were unrelated to the merits of the project. And third, the County's and the City's actions, taken together, allegedly effected an unconstitutional taking of Appellants' property without just compensation. Each of these claims is subject to the same ripeness standards that are applied generally to constitutional challenges of land use regulations. *Herrington*, 857 F.2d at 569 & n. 1.

■ The purpose of the ripeness doctrine is to avoid premature judicial review of administrative action. This goal is accomplished by deferring review of a planning commission's land use decisions until they represent a "'final, definitive position regarding how it will apply the regulations at issue to the particular land in question.'" *MacDonald, Sommer & Frates v. County of Yolo*, 477 U.S. 340, 351, 106 S.Ct. 2561, 2567, 91 L.Ed.2d 285 (1986) (quoting *Williamson County Regional Planning Comm'n v. Hamilton Bank*, 473 U.S. 172,

191, 105 S.Ct. 3108, 3119, 87 L.Ed.2d 126 (1985)). The finality requirement is satisfied only if the planning commission first rejects a "development plan" and then denies a variance from its regulations. *E.g., Herrington*, 857 F.2d at 569; *Kinzli*, 818 F.2d at 1454. This two-step test can be avoided only if compliance would be futile, and even then only if the property owner first makes at least one "meaningful application." *Herrington*, 857 F.2d at 569; *Kinzli*, 818 F.2d at 1454–55.

█ Appellants argue here that the district court erred in concluding that each of its claims failed to satisfy these requirements. There is no question that this case does not concern the submission, consideration, and rejection of a "development plan," as in *Herrington* and *Kinzli*. Appellants contend nonetheless that the finality requirement can be met "by a rejected application or proposal for [a sewer] connection," *Unity Ventures v. County of Lake*, 841 F.2d 770, 775 (7th Cir.), *cert. denied,* — U.S. ——, 109 S.Ct. 226, 102 L.Ed.2d 216 (1988), and, analogously, by a rejected proposal for the construction of an independent sewage treatment facility. Although we recognize this to be a correct statement of the law, we reject the corollary to Appellants' argument that both the City and the County reached final decisions rejecting their alternative proposals for obtaining sewer service to their property.

Regarding the claim against the County, Appellants assert that they sought approval for the construction of an independent treatment facility but were turned away in a final decision from which no variance was possible. The district court concluded otherwise, apparently believing that the County rejected Appellants' claim only because it believed they had not yet received rejection from the City on their application for a connection to the City's sewer system. Presumably, then, if the City had ultimately rejected that proposal the County would have reconsidered its position re-

garding Appellants' application for the construction of an independent treatment facility. Undisputed material in the record supports such a determination. Exhibit E, attached to the Declaration of David M. Coyne, Appellants' own attorney, indicates that the Planning Commission recommended approval of the proposed treatment facility, but only on condition that, among other things, "all efforts" must first "have been exhausted with the City of Chico to get approval of the hookup to the sewer system." This evidence suggests that the County merely postponed serious consideration of Appellants' application until they exhausted all opportunity of succeeding on their alternative proposal.

Regarding their claim against the City, Appellants argue essentially that the City placed two conditions on the acceptance of their application for a sewer connection: first, the County's concessions to political demands, and second, Appellants' annexation of their property to the City. Appellants argued below, and reassert here, that because the first condition could never be satisfied their compliance with the second condition would have been futile. We need not address Appellants' futility argument, however, because we believe the City and the County had not reached an impasse regarding the negotiations on the political concessions. Therefore, they could have ultimately reached an agreement that would have satisfied the first condition to Appellants' application. Undisputed material in the record supports this conclusion, too. Responding to Appellants' inquiry into the progress of their application, the City wrote that it was inappropriate "at [that] time" to consider the merits of their application pending intensive study and discussion with the County "during the coming months." A letter from the County similarly indicated that negotiations between the two entities were continuing. The proper inference from both communications is not only that an agreement was possible, but even likely.[1] Appellants nev-

---

1. Appellants do not suggest that their takings claim is based on a considerably "excessive delay" in the application process, and would find it impossible to do so because, as we have stated before, a delay of up to eight years may still be inadequate to satisfy the ripeness requirement. *See Kinzli,* 818 F.2d at 1454 n. 5.

er offered any evidence below to rebut this inference, nor did they offer any support for their allegations that the two entities reached an impasse. Under these circumstances it is obvious to us that Appellants failed to satisfy their burden of showing that their application for a connection to the City's sewer system was rejected in a final, definitive decision.

Appellants' claim for the taking of their property without just compensation is, obviously, not ripe for these same reasons. Neither the City nor the County reached final, definitive positions rejecting either of Appellants' two alternative proposals for obtaining sewer service to their property. Until both alternatives were foreclosed, Appellants certainly could not have been deprived of "all use of [their] property," as they allege in their complaint. *First English Evangelical Lutheran Church of Glendale v. County of Los Angeles,* 482 U.S. 304, 322, 107 S.Ct. 2378, 2390, 96 L.Ed.2d 250 (1987). This conclusion obviates any need for us to consider Appellants' additional argument that their failure to exhaust state remedies for obtaining compensation for inverse condemnation is excused because that remedy was inadequate in California at the time they initiated their suit. *Cf. Kinzli,* 818 F.2d at 1456 (discussing adequacy of California procedures and remedy for inverse condemnation).

IV

The district court properly dismissed Appellants' complaint under Fed.R.Civ.P. 12(b)(1) on the ground that their claims were not ripe for adjudication.

AFFIRMED.