946 F.2d 898
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
LODESTAR COMPANY, Henry P. Acuff, and Joann D. Acuff, as
Trustees of the Acuff Trust, Allen V. Davis, and Lenabelle
Davis, as Trustees of the Jonathan A. Acuff Trust, as
Trustees of the Justin M. Acuff Trust, and Allen V.C. Davis
as Trustee of the Davis Trust No. 1, Lodestar Company,
Plaintiffs-Appellants,
v.
COUNTY OF MONO, Michael Jencks, individually and as a member
of the Mono County Board of Supervisors, William
Reid, et al., Mammoth Unified School
District, Defendants-Appellees.
 No. 90-15915.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 20, 1991.
Decided Oct. 9, 1991.
 
 Before D.W. NELSON, CYNTHIA HOLCOMB HALL and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Lodestar Co., et al. ("Appellants"), appeal the district court's dismissal of their constitutional claims against the County of Mono ("County") and the Mammoth Unified School District ("School District") as unripe.[1] Appellants also appeal the district court's dismissal of their pendent state law claims, and the procedure by which the district court determined that the federal claims were unripe. We affirm.
 
 BACKGROUND
 
 3
 This dispute concerns efforts by appellants to develop approximately 200 acres of land in the Mammoth Lakes area of Mono County, California. In 1977, appellants submitted a plan for development aimed at being consistent with the County's ordinances controlling the growth and development of the Mammoth Lakes area. The County conditionally approved the plan in 1979.
 
 
 4
 Appellants failed to meet the conditions required for final approval. Negotiation obstacles included appellants' promise to dedicate a right-of-way for a public road through its property, and the School District's need for a school on the property. In June, 1981, appellants met with the County and the School District and entered into a Memorandum of Understanding ("MOU"). The MOU defined each party's obligations with a view toward final approval of appellants' development plan after all obligations had been met.
 
 
 5
 Appellants submitted several proposed development agreements, but no final or complete version was ever submitted for processing, public hearing or final adoption by the Board. Negotiations fell through in May, 1982, and appellants announced they would file a suit for declaratory relief. Instead, appellants continued negotiations with the School District and the County, but submitted no new plans or agreements.
 
 
 6
 Appellants filed a civil rights action against the County, the School District and the Town of Mammoth Lakes on April 13, 1983. After several years of vigorous litigation, all of the defendants filed a motion for summary judgment or partial summary judgment, alleging in part that appellants' constitutional claims were not ripe for adjudication. The district court dismissed the constitutional claims on ripeness grounds and dismissed all pendent state law claims as well on May 11, 1990. On May 24, 1990, the district court amended its order to dismiss all remaining federal claims.
 
 
 7
 Appellants then appealed. Since the filing of this appeal, however, appellants have settled with the Town of Mammoth Lakes. The remaining appellees are the County and the School District.
 
 DISCUSSION
 A. Constitutional Claims
 
 8
 The district court found that, as a matter of undisputed fact, appellants never submitted a final development application. Therefore, appellants' constitutional claims are unripe according to the test stated in Southern Pac. Transp. Co. v. City of Los Angeles, 922 F.2d 498, 502-03 (9th Cir.1990) (citing MacDonald, Sommer & Frates v. County of Yolo, 477 U.S. 340, 348, 106 S.Ct. 2561, 2566, 91 L.Ed.2d 285 (1986); Williamson County Regional Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 195, 105 S.Ct. 3108, 3121, 87 L.Ed.2d 126 (1985)). This test applies to all of appellants' constitutional challenges, whether framed as a taking without just compensation, a denial of due process, or a violation of equal protection rights.[2] Sinaloa Lake, 882 F.2d at 1404; Hoehne v. County of San Benito, 870 F.2d 529, 532 (9th Cir.1989).
 
 
 9
 The MOU does not take the place of a final decision by the county. On its face, it contemplates further action by the parties before any final determination is made. See Lake Nacimiento Ranch Co. v. County of San Luis Obispo, 841 F.2d 872, 876 (9th Cir.1987), cert. denied, 488 U.S. 827, 109 S.Ct. 79, 102 L.Ed.2d 55 (1988). Moreover, appellants' argument that the existence of the MOU removes this case from the ripeness test altogether lacks merit. The County had no authority to bypass the requirements of California law by entering into a final agreement for development without notice and a public hearing, and any attempt to do so through the MOU would have been null and void. See Cal.Gov.Code § 65867; Mono County Code § 19.80.090.[3] However dispiriting appellants might have found the process, nothing prevented them from submitting a final development plan in order to force a "final and authoritative decision" from the County. Lake Nacimiento Ranch, 841 F.2d at 876.[4]
 
 B. Pendent State Law Claims
 
 10
 When all federal claims are dismissed, as in this case, it is appropriate to dismiss the pendent state law claims as well. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 619 n. 7, 98 L.Ed.2d 720 (1988); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). We find no abuse of discretion in the district court's dismissal of appellants' pendent state law claims.
 
 C. Procedure
 
 11
 Based on our review of the summary judgment pleadings, we find appellants had adequate notice of the ripeness issue. Furthermore, it was proper for the district court to construe the summary judgment motion on ripeness grounds as a motion to dismiss for lack of subject matter jurisdiction. Southern Pacific, 922 F.2d at 508. As such, we find no abuse of the district court's broad discretion to resolve the issue on the basis of the papers rather than holding a separate hearing on the ripeness issue. St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir.), cert. denied, --- U.S. ----, 110 S.Ct. 541, 107 L.Ed.2d 539 (1989). Appellants had every opportunity to point to any evidence that would have changed the holding. See St. Clair, 880 F.2d at 201-02. They pointed to none.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The claims were also against various individuals, including members of the Mono County Board of Supervisors, County Counsel, Superintendent of the Mammoth Unified School District, members of the School District Board of Trustees, Counsel for the School District, Director of the County Road Department, and Director of Public Works in Mono County. References in this disposition to the County and to the School District refer to the individual appellees as well
 
 
 [2]
 Appellants assert that the County, without notifying appellants, sent a bulldozer to tear down a gate appellants had erected on their property. That claim would not be subject to the ripeness test. See Sinaloa Lake Owners Ass'n v. City of Simi Valley, 882 F.2d 1398, 1407 (9th Cir.1989), cert. denied, --- U.S. ----, 110 S.Ct. 1317, 108 L.Ed.2d 493 (1990). However, the district court properly determined that the claim was abandoned. See United States District Court for the Eastern District of California, Rule 260(a)
 
 
 [3]
 To the extent appellants argue that the MOU causes this case to fit into the "futility exception" to the ripeness doctrine, that argument fails as well. Southern Pacific, 922 F.2d at 504. To the extent appellants argue that they were deprived of their contractual rights under the MOU, that claim does not rise to a constitutional level. See Storek & Storek, Inc. v. Port of Oakland, 869 F.2d 1322, 1325 (9th Cir.1989); San Bernardino Physician's Servs. Medical Group v. County of San Bernardino, 825 F.2d 1404, 1408-09 (9th Cir.1987)
 
 
 [4]
 Appellants' conspiracy claim against the School District must fall with the claim against the County. Even if the School District was uncooperative or obstructive, until Appellants put the County to the test no claim could ripen against either entity