19 F.3d 27
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
IN DEFENSE OF ENDANGERED SPECIES, Plaintiff-Appellant,
v.
James M. RIDENOUR, Director, National Park Service,
Defendant-Appellee.
 No. 92-36777.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 3, 1994.*
Decided March 2, 1994.
 
 Before: GOODWIN, SCHROEDER and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In Defense of Endangered Species ("DES"), an environmental group, appeals a district court judgment denying its motion for a preliminary injunction and dismissing its action for lack of ripeness. DES sued pursuant to the Endangered Species Act ("ESA"), 16 U.S.C. Sec. 1533(f), the National Environmental Policy Act, ("NEPA"), 42 U.S.C. Sec. 4322, and the Administrative Procedures Act ("APA"), 5 U.S.C. Sec. 551 et. seq., seeking to prohibit federal agencies ("defendants") from considering alteratives which do not involve translocating wolves into the Yellowstone National Park area. The district court found that the action was not ripe because the defendants were preparing an Environmental Impact Statement ("EIS") on the issue pursuant to a Congressional directive.
 
 
 3
 DES's request for a preliminary injunction ordering defendants to state at all public hearings that they must translocate wolves into Yellowstone is now moot, as the public participation phase of the EIS process ended on November 26, 1993.[1] United States v. State of Oregon, 718 F.2d 299 (9th Cir.1983) (appeal moot if court can no longer grant effective relief). We therefor do not address this claim.
 
 
 4
 Arguably, DES's request that we grant declaratory-type relief stating that the EIS requires defendants to translocate wolves is not moot, as the final EIS will not be completed until April, 1994 or later.[2] Reviewing the ripeness issue de novo, Municipality of Anchorage v. United States, 980 F.2d 1320, 1322-23 (9th Cir.1992), however, we find that these claims are not ripe. We therefor affirm the order dismissing these claims.
 
 
 5
 Ripeness, like mootness, is an aspect of a federal court's subject matter jurisdiction and thus a lack of ripeness absolutely bars us from entertaining a claim. St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir.), cert. denied, 493 U.S. 993 (1989); Art. III, U.S. Const. In order to determine whether a claim is ripe for judicial review, we must "evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." Municipality of Anchorage, 980 F.2d at 1323 (quoting Abbott Laboratories v. Gardner, 387 U.S. 136, 149 (1967)); Assinboine & Sioux Tribes v. Bd. of Oil & Gas, 792 F.2d 782, 789 (9th Cir.1986). An administrative action is "fit for judicial review" if the agency action is final and the issues raised are "purely legal" Id. (citing Abbott Laboratories, 387 U.S. at 149, and Assinboine & Sioux Tribes, 792 F.2d at 789).
 
 
 6
 DES argues that its claims meet this test because defendants' decision to consider not translocating wolves is final, because whether the Recovery Plan requires defendants to translocate wolves is a purely legal issue, and because it will be unable to seek review of these issues after the EIS process is complete. We disagree.
 
 
 7
 An agency's decision to consider certain alternatives is generally not a final agency decision. See, e.g., Public Citizen v. Office of the U.S. Trade Representative, 970 F.2d 916, 918 (D.C.Cir.1992). Rather, "[a]n order is final when the administrative agency has given its last word on the matter." Sierra Club v. U.S. Nuclear Regulatory Com'n, 825 F.2d 1356, 1362 (9th Cir.1987) (internal quotations and citations omitted). The draft EIS is not defendants' last word on the subject, and in any case, suggests that defendants may well decide to translocate wolves into Yellowstone, rendering DES's claims moot and eliminating the need for judicial review. "One of the principal reasons to await the termination of agency proceedings is 'to obviate all occasion for judicial review.' " FTC v. Standard Oil, 449 U.S. 232, 244 n. 11 (1980) (citations omitted). Thus, in general, "we will not entertain a petition where pending administrative proceedings or further agency action might render the case moot and judicial review completely unnecessary." Sierra Club, 825 F.2d at 1362 (citations omitted). DES asks this court to pass on the legality of an alternative that may never be taken. Resolution of DES's claim on the merits would require a complicated analysis of federal law which may never become necessary. DES has not shown that defendants' administrative actions are final for ripeness purposes.
 
 
 8
 Nor has DES shown that withholding judicial review until the EIS process is complete will inflict serious hardship. Municipality of Anchorage, 980 F.2d at 1325; Shell Oil Co. v. City of Santa Monica, 830 F.2d 1052, 1062 (9th Cir.1987), cert. denied, 487 U.S. 1235 (1988). If defendants ultimately decide not to translocate wolves into Yellowstone, DES may seek judicial review of this decision. Although DES's frustration with the history of administrative delay relevant to this case is understandable, it has presented no evidence that defendants are not currently seeking to follow Congressional directives and applicable statutes in a timely manner or that withholding review will cause "direct and immediate hardship."[3] Municipality of Anchorage, 980 F.2d at 1326-27.
 
 
 9
 Thus, even if DES raises purely legal issues, it has not shown that the agency action it challenges is final or that withholding judicial review until the agency action is complete will inflict a direct and immediate hardship. Thus, we find that its claims are not ripe for judicial review. We express no opinion on the district court's decision to deny DES's motion for a preliminary injunction requiring defendants to include certain statements in their public hearings as this issue is now moot.
 
 
 10
 The district court order dismissing this action without prejudice is AFFIRMED; DES's appeal of the order denying a preliminary injunction is DISMISSED as moot.
 
 
 11
 Defendants are entitled to costs. No party shall recover attorney's fees.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 In July, 1993, defendants completed a draft EIS, which proposes to reintroduce wolves into Yellowstone National Park and central Idaho, unless a wolf population has been documented by October, 1994
 
 
 [2]
 It is not entirely clear, however, that DES's request states a claim for which a court can grant relief. As DES itself points out, NEPA requires defendants to consider the "no action" alternative in order to evaluate the effects of action. Kilroy v. Rucklehuas, 738 F.2d 1448, 1453 (9th Cir.1984). We express no opinion on whether a federal court could or could not order defendants to limit the EIS process as DES requests
 
 
 [3]
 DES's reliance on Trustees for Alaska v. Hodel, 806 F.2d 1378 (9th Cir.1986) is misplaced. In that case, we held that the Department of Interior's refusal to submit a draft impact statement for public review and comment was sufficiently final to survive a ripeness challenge. We ruled that refusal to comply with NEPA's public submission requirement works immediate, and potentially irremediable, harm. DES does not contend that the defendants have failed to comply with NEPA's procedural requirements. Instead, they seek to prevent consideration of certain alternatives which may never be implemented