**Gilbert Mark CRISP, Rhonda Crisp, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. CV–F–96–6308 OWW SMS.**

United States District Court,
E.D. California.

Feb. 25, 1997.

---

Gilbert Mark Crisp, Visalia, CA, pro se.

G. Patrick Jennings, U.S. Department of Justice, Tax Division, Washington, DC, for Defendant.

## MEMORANDUM OPINION AND ORDER RE: GOVERNMENT'S MOTION TO DISMISS

WANGER, District Judge.

### I. INTRODUCTION

On December 4, 1996, Plaintiffs Gilbert Mark Crisp and Rhonda Crisp ("the Crisps") filed a complaint against the government, alleging that the government has no valid lien claims against them based on income tax deficiencies. Now the government moves to dismiss the complaint for lack of subject matter jurisdiction; the Crisps oppose this motion.

### II. BACKGROUND

The Crisps timely filed federal income tax returns for the calendar years 1988 and 1989. On April 6, 1995, the Internal Revenue Service ("IRS") issued the Crisps a notice of deficiency pertaining to 1988 and 1989, alleging additional amounts were owed for those years. On June 17, 1996, the IRS recorded a federal tax lien with the Tulare County Recorder against the Crisps' property. On October 25, 1996, the IRS seized 792 shares of stock belonging to Rhonda Crisp to satisfy the alleged 1988 and 1989 tax claims. The IRS auctioned the stock on December 3. The Crisps filed suit on December 4.

### III. STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) addresses the court's subject matter jurisdiction, derived from the Case or Controversy Clause of Article III of the U.S. Constitution. As federal courts are courts of limited jurisdiction, it is presumed that a case lies outside the jurisdiction of the federal courts unless proven otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 376–78, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994). The plaintiff bears the burden of proof that jurisdiction exists. *Thornhill Publishing Co. v. General Telephone & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir.1979). Three different standards apply in the evaluation of a 12(b)(1) motion, depending upon how the motion is made and what it addresses.

First, the 12(b)(1) motion may attack the complaint on its face. *Id.; Mortensen v. First Federal S & L Ass'n*, 549 F.2d 884, 891 (3rd Cir.1977). In such an attack, "the court must consider the allegations of the complaint as true." *Mortensen,* 549 F.2d at 891. The motion will be denied unless the allegations appear to be frivolous. *See Black v. Payne*, 591 F.2d 83, 86 n. 1 (9th Cir.), *cert. denied*, 444 U.S. 867, 100 S.Ct. 139, 62 L.Ed.2d 90 (1979).

Second, the 12(b)(1) motion may "attack the existence of subject matter jurisdiction in fact, quite apart from any pleading." *Mortensen*, 549 F.2d at 891. This type of attack is sometimes referred to as a "speaking motion." *See, e.g., Thornhill Publishing Co.*, 594 F.2d at 733. In making this second kind of 12(b)(1) motion, the defendant can "rely on affidavits or any other evidence properly before the court." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir.) (citations omitted), *cert. denied*, 493 U.S. 993, 110 S.Ct. 541, 107 L.Ed.2d 539 (1989). "It then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing

that the court, in fact, possesses subject matter jurisdiction." Id.

> Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, *no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist.*

*Mortensen,* 549 F.2d at 891 (emphasis added).

Third, if consideration of the jurisdictional motion also involves factual issues that address the merits of the complaint, the moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. *Trentacosta v. Frontier Pacific Aircraft Industries,* 813 F.2d 1553, 1557–58 (9th Cir.1987).[1]

## IV.  DISCUSSION

### A.  SUBJECT MATTER JURISDICTION

The government argues no subject matter jurisdiction exists because it did not waive its sovereign immunity. It argues that 28 U.S.C. § 2410(a) does not permit challenges to the amount of an IRS assessment, which is what the Crisps want to do. The Crisps respond that they are not challenging the amount of the assessment, but rather procedural lapses in the assessment process, which are cognizable under § 2410(a).

█ The federal government cannot be sued without its consent. *United States v. Dalm,* 494 U.S. 596, 608, 110 S.Ct. 1361, 1368, 108 L.Ed.2d 548 (1990). 28 U.S.C. §§ 1331 and 1340 do not waive the government's sovereign immunity. *Hughes v. United States,* 953 F.2d 531, 539 n. 5 (9th Cir.

1992). 28 U.S.C. § 2410(a) states in relevant part: "the United States may be named a party in any civil action or suit in any district court ... to quiet title ... real or personal property on which the United States has or claims a mortgage or other lien." This waives sovereign immunity for matters falling within § 2410's scope. *Hughes,* 953 F.2d at 538. In tax cases, § 2410 cannot be used to challenge the merits of any IRS assessment; it can only be used to challenge procedural irregularities in an assessment. *Elias v. Connett,* 908 F.2d 521, 527 (9th Cir.1990).

█ Here, the Crisps request a declaration that the government "has no valid lien claim against" them. Compl. 2:22–23. This type of broad claim is jurisdictionally barred. See *Hughes,* 953 F.2d at 538. The Crisps claim they are attacking procedural lapses by the government, namely that no assessment was ever made. Opp'n 2:14–15. This claim is cognizable under § 2410 and not jurisdictionally barred. *See Huff v. United States,* 10 F.3d 1440, 1445 (9th Cir.1993), *cert. denied,* 512 U.S. 1219, 114 S.Ct. 2706, 129 L.Ed.2d 834 (1994). The government's motion to dismiss is GRANTED, but the Crisps are granted LEAVE TO AMEND their complaint to specifically allege what procedural lapses the government allegedly made in the assessment process and what statutes and/or regulations were violated.

### B.  SALE OF STOCK

The government claims once it sold the stock on December 3, 1996, it did not have a lien on the stock, and § 2410's waiver of sovereign immunity would no longer apply. The Crisps respond that if the IRS liens were illegal, as they claim, then the stock auction by the government was also illegal. The Crisps apparently are alleging the government converted their stock. The usual remedy for conversion is a claim under the Federal Tort Claims Act. *See CHoPP Computer Corp. v. United States,* 5 F.3d 1344, 1347 (9th Cir.1993), *cert. denied,* 513 U.S. 811, 115 S.Ct. 63, 130 L.Ed.2d 20 (1994).

---

1. This is "the standard applicable to a motion for summary judgment." *Trentacosta,* 813 F.2d at 1558. However, the 12(b)(1) motion is not "converted" into a motion for summary judgment. *Id.* A motion for summary judgment is a decision on the merits of a case, with *res judicata* effect; a 12(b)(1) motion is not.

The Crisps will be given until March 5, 1997, to submit supplemental authority to show the Court has jurisdiction over their conversion-type claim.

The government argues the case is moot. The stock, however, is not the only property on which a tax lien was placed. The Crisps allege a tax lien was placed on *all* of their property which they still own. The case is not moot. In their amended complaint, the Crisps must specifically list the property they own (or have an interest in) on which the IRS has placed liens.

## V. CONCLUSION

For the foregoing reasons, the government's motion to dismiss is GRANTED, with leave to amend. The Crisps have until March 5, 1997, to submit supplemental authority on the jurisdiction of the Court to hear the conversion-type claim on the stock sale; the Crisps will fax their brief to the government's counsel, Mr. Patrick Jennings. The government will have until March 12, 1997, to respond.

Once a Memorandum Opinion addressing the issues raised by the supplemental briefing is prepared and sent to the parties, counsel for the government shall prepare an order in conformity with that Memorandum Opinion and lodge it with the Court within five (5) days following date of service of that Opinion. Any amended complaint shall be filed within twenty (20) days following date of service of that Opinion.

SO ORDERED.