**In re ATG, INC., et al., Debtors.**

**Robert Hanfling, Trustee, Plaintiff,**

**v.**

**State Compensation Insurance Fund of California, Defendant.**

**Bankruptcy No. 01–46389 N7. Adversary No. 03–4795AN.**

United States Bankruptcy Court, N.D. California.

June 23, 2004.

Robert M. Fleischer, Jacobs Partners LLC, Merritt View, Norwalk, CT, for Plaintiff.

Virginia Hoyt, State Compensation Insurance Fund, San Francisco, CA, for Defendant.

### ORDER

RANDALL J. NEWSOME, Chief Judge.

This matter is before the Court upon the motion of the State Compensation Insur-ance Fund of California (herein the "Fund") to dismiss the Chapter 7 Trustee's underlying complaint to recover an alleged preference. The Fund moves pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, as those Rules are incorporated by Federal Rule of Bankruptcy Procedure 7012. The Motion asserts that the Eleventh Amendment to the U.S. Constitution confers immunity on the Fund from this lawsuit.[1]

The Fund bears the burden of proving it is entitled to Eleventh Amendment immunity. *ITSI TV Productions, Inc., v. Agricultural Associations,* 3 F.3d 1289, 1292 (9th Cir.1993). In claiming such immunity here, the Fund merely asserts that it was established under the California Constitution, is a division of the California Department of Industrial Relations, and an agency of the State of California. The Fund fails to address the well-established five-part test for evaluating whether it is an "arm of the State" entitled to Eleventh Amendment immunity, as set forth in *Mitchell v. Los Angeles Community College District,* 861 F.2d 198 (9th Cir.1988), *cert. denied,* 490 U.S. 1081, 109 S.Ct. 2102, 104 L.Ed.2d 663 (1989). Under the *Mitchell* test, the Court must consider 1) whether a money judgment would be satisfied out of state funds; 2) whether the entity performs a central governmental function; 3) whether the entity may sue or be sued; 4) whether the entity has the power to take property in its own name or only in the name of the state; and 5) the corporate status of the entity. In applying these factors, the Court looks to *St. Clair v. City of Chico,* 880 F.2d 199, 201 (9th Cir.1989), *cert. denied,* 493 U.S. 993, 110 S.Ct. 541, 107 L.Ed.2d 539 (1989).

---

**1.** Challenges to a court's subject matter jurisdiction are treated as brought under Rule 12(b)(1) even if improperly identified by the moving party as brought under Rule 12(b)(6).

the way state law treats the entity. *Mitchell,* 861 F.2d at 201.

■■■■ Whether a money judgment would be satisfied out of state funds is the most important factor of the *Mitchell* test. *Savage v. Glendale Union High Sch. Dist.,* 343 F.3d 1036, 1041 (9th Cir.2003), *cert. denied,* —— U.S. ——, 124 S.Ct. 2067, 158 L.Ed.2d 618 (2004). The proper inquiry is whether the state treasury is legally obligated to pay such a judgment, and not whether the Fund has the ability to pay. *ITSI TV Productions,* 3 F.3d at 1292. Pursuant to the California Insurance Code, although the Fund may establish an account with the State Treasury, that money is not state money, and the State of California "shall not be liable beyond the assets of the [Fund] for any obligations in connection therewith." *See,* Cal. Ins.Code § 11800.1 and § 11771. As such, the Fund must necessarily look to the money it collects through insurance premiums to satisfy a money judgment. *See also, Gilmore v. State Compensation Insurance Fund,* 23 Cal.App.2d 325, 330, 73 P.2d 640 (1937) (Fund must pay expenses incident to defending lawsuits from its surplus reserve fund).

As to the second factor of the *Mitchell* test, an entity performs a central government function if "the state exercises centralized governmental control over the entity." *Savage,* 343 F.3d at 1044. In establishing the Fund, the California Legislature declared its intent that the Fund be self-supporting and a self-operating insurer for the purpose of offering workers' compensation insurance on the same basis and in competition with other insurers. Cal. Ins.Code § 11775; *Gilmore,* 23 Cal.App.2d at 329, 73 P.2d 640; *P.W. Stephens, Inc. v. State Compensation Insurance Fund,* 21 Cal.App.4th 1833, 1835–36, 27 Cal.Rptr.2d 107, 108–09 (1994). In soliciting such business, the Legislature even mandates that Fund advertisements specifically include the disclaimer that the Fund "is not a branch of the State of California." *See,* Cal. Ins. Code § 11771.5. Accordingly, the Fund does not perform a centralized government function. Furthermore, as to the third factor of the *Mitchell* test, Insurance Code § 11783 provides that the Fund "may sue and be sued in all actions arising out of any act or omission in connection with its business or affairs." *See also, Security Officers Service, Inc., v. State Compensation Insurance Fund,* 17 Cal.App.4th 887, 892–93, 21 Cal.Rptr.2d 653 (1993) (Fund is subject to suit in tort and contract); *State Compensation Insurance Fund v. Superior Court,* 24 Cal.4th 930, 944, 103 Cal.Rptr.2d 662, 16 P.3d 85 (2001) (Fund is subject to civil suit for non-insurance law violations).

As to the fourth *Mitchell* factor, Insurance Code § 11781.5 provides that the Fund "may acquire and own real property" for the purpose of establishing a branch office in Los Angeles in addition to its principal place of business located in San Francisco. Section 11783 of the Insurance Code confers upon the Fund the power to "enter into any contracts or obligations relating" to its business operations, and to "invest and reinvest the moneys *belonging* to the fund." (italics added). Additionally, "property belonging to the [Fund] is not considered State property for the purposes of exemption from state taxes, and [it] is generally subject to the payment of taxes on the same basis as any other insurer." *Courtesy Ambulance Service of San Bernardino v. Superior Court,* 8 Cal.App.4th 1504, 1511–12, 11 Cal.Rptr.2d 161, 163–64 (1992). Accordingly, the fourth *Mitchell* factor is affirmatively satisfied here.

The final *Mitchell* factor considers whether an entity's independent corporate status would prevent it from being treated

as an arm of the state. *Holz v. Nenana City Public Sch. Dist.*, 347 F.3d 1176, 1188 (9th Cir.2003). The Fund is a public enterprise fund, a self-operating insurance carrier "of a special and unique character" subject to the same regulation and laws generally applicable to private insurance carriers. *P.W. Stephens*, 21 Cal.App.4th at 1835–36, 27 Cal.Rptr.2d 107. Although a public entity, the Fund's "purpose and everyday function is indistinguishable from a private corporation," and it is treated as a private enterprise. *Notrica v. State Compensation Insurance Fund*, 70 Cal. App.4th 911, 935, 941, 83 Cal.Rptr.2d 89, 106, 109 (1999). Accordingly, although the Fund may lack corporate status, its treatment as a private enterprise and its independence weigh against considering it an arm of the state.

This Court finds that the Fund is not entitled to immunity under the Eleventh Amendment. Accordingly, the Fund's Motion to Dismiss is hereby denied.[2]

**IT IS SO ORDERED.**

---

**2.** The Trustee's request to convert this Motion to one for summary judgment is denied. *See, Savage v. Glendale Union High Sch. Dist.*, 343 F.3d at 1040 n. 2 ("Rule 12(b)(1) attacks on jurisdiction can be either facial, confining the inquiry to allegations in the complaint, or factual, permitting the court to look beyond the complaint.")