Gary L. KAISER; et al., Plaintiffs—Appellants,

v.

BLUE CROSS OF CALIF., Defendant,

Department of Social and Health Services; et al., Defendants,

and

United States of America, Defendant—Appellee.

No. 06–36021.

United States Court of Appeals, Ninth Circuit.

Submitted April 10, 2008.*

Filed April 25, 2008.

Donald W. Lojek, Esq., Lojek & Hall, Ctd., Boise, ID, for Gary L. Kaiser, Verlene D. Kaiser, Community Home Health, Gary S. Kaiser and Shawna Exline.

Warren Derbidge, Esq., Office of the U.S. Attorney, Boise, ID, for United States of America, Department of Social and Health Services, Health Care Financing Agency, Mike Leavitt and Secretary of U.S. Department of Health and Social Services.

Before: BEA and M. SMITH, Circuit Judges, and HOOD **, Senior District Judge.

## MEMORANDUM ***

Plaintiffs Gary L. Kaiser and Verlene

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provid-

Kaiser owned and operated plaintiff Community Home Health, Inc. ("CHH"), a firm that provided home health care services to Medicare recipients in Idaho until it went out of business in 1998. Plaintiffs claim CHH was forced to close because of the actions of defendant Blue Cross of California ("Blue Cross")—the "fiscal intermediary" that made Medicare reimbursement payments on behalf of the federal government to CHH—and defendant the United States. Plaintiffs brought various constitutional, statutory, and common law claims against defendants in federal district court.

These same plaintiffs brought these same claims in district court in 2000; the district court dismissed the claims because plaintiffs had failed to exhaust their administrative remedies. We affirmed, holding all of plaintiffs' claims were subject to the statutory exhaustion requirement of the Medicare Act, 42 U.S.C. § 405(h) (made applicable by 42 U.S.C. § 1395ii). *Kaiser v. Blue Cross of Cal.*, 347 F.3d 1107 (9th Cir.2003).

Plaintiffs then attempted to exhaust their claims before the Department of Health and Human Services ("DHHS"). The DHHS Provider Reimbursement Review Board ("PRRB") dismissed the claims for lack of jurisdiction, because plaintiffs' claims did not involve Medicare reimbursement. Plaintiffs then filed these claims in federal district court for the second time. The district court granted defendants' motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), because plaintiffs had failed to meet the statutory exhaustion requirement.[1] Plaintiffs appeal the district court's dismissal of their claims. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

Plaintiffs bore the burden to establish they had presented and exhausted their claims before the DHHS. *See St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). Nevertheless, plaintiffs failed to meet the minimal burden of presenting to the district court evidence of what claims they filed before the PRRB and when. *See id.* (a Rule 12(b)(1) motion to dismiss for lack of jurisdiction may rely on affidavits and other evidence; "It then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction.") (internal citations omitted). Without such evidence, plaintiffs failed to demonstrate they have presented and exhausted the same claims they seek to pursue in district court. Accordingly, plaintiffs failed to establish the district court had jurisdiction over their claims.

Moreover, the district court held plaintiffs failed to comply with the PRRB's deadline, which required them to file their claims within 180 days after notice of Blue Cross's final reimbursement determination. *See* 42 U.S.C. § 1395oo(a)(3). Plaintiffs do not dispute they filed their claims years after Blue Cross's final determination, nor do they contend they should be excused from the 180–day deadline. Plaintiffs have failed to raise any claim of error as to this ground of the court's decision.

ed by 9th Cir. R. 36–3.

1. The district court in the alternative granted defendants' motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Because we affirm the dismissal on the basis of lack of subject matter jurisdiction, we do not reach the district court's alternative holding.

Plaintiffs' request to transfer this matter to the Court of Federal Claims is denied. *See Kaiser,* 347 F.3d at 1116.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.