

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LARRY BROWN, | No.    14-55731 |
| Plaintiff-Appellant, | D.C. No.<br>5:12-cv-02009-TJH-SP |
| v. | |
| BANK OF AMERICA, N.A.; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, District Judge, Presiding

Argued and Submitted May 3, 2016
Pasadena, California

Before: BYBEE and N.R. SMITH, Circuit Judges, and STEIN,** District Judge.

Larry Brown appeals the district court's dismissal of his case for lack of

standing, and the court's determination that a certain letter (the "Victa Letter") was

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Sidney H. Stein, United States District Judge for the
Southern District of New York, sitting by designation.

not protected by the attorney–client privilege or work-product privilege. We affirm.

1.      Brown lacks standing to litigate any of his claims. Brown is not a mortgagor or an attorney. Yet, he sues numerous mortgagees ("Appellees"), claiming he represents more than one thousand discontented mortgagors. Because Brown cannot represent the mortgagors as an attorney, his standing depends on whether the mortgagors assigned him their claims. The district court found that Brown lacked standing for two reasons: (1) Brown did not demonstrate that the assignment of RICO claims was express, and (2) Brown did not demonstrate that he acquired an interest in each mortgagor's property to permit him to litigate the claims that seek an interest in real property. We need not pass judgment on the district court's findings, because "[w]e may affirm on any proper ground supported by the record." *Novak v. United States*, 795 F.3d 1012, 1017 (9th Cir. 2015).

     "The party invoking federal jurisdiction bears the burden of establishing [the elements of standing]." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Generally, "to satisfy Article III's standing requirements, a plaintiff must show . . . it has suffered an 'injury in fact.'" *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000). However, an assignee—who "stands in the shoes of its assignors," *Spinedex Physical Therapy USA Inc. v. United*

2

*Healthcare of Ariz., Inc.*, 770 F.3d 1282, 1291 (9th Cir. 2014)—may meet the requirements of standing by showing that he received an assignment of claims, *Sprint Commc'ns Co. v. APCC Servs., Inc.*, 554 U.S. 269, 274–75 (2008).

Although the Ninth Circuit does not require "terms of art . . . for a valid assignment," *United States ex rel. Kelly v. Boeing Co.*, 9 F.3d 743, 748 (9th Cir. 1993), the assignee must provide proof that an assignment occurred. "[G]eneral contract principles dictate that to prove an effective assignment, the assignee must come forth with evidence that the assignor meant to assign rights and obligations under the contracts." *Britton v. Co-op Banking Grp.*, 4 F.3d 742, 746 (9th Cir. 1993) (citing Restatement (Second) of Contracts §§ 317(1), 324 (1981)). Because a court's subject matter jurisdiction turns on whether the plaintiff has standing, the plaintiff must "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction" if the defendant moves to dismiss on that basis. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989); *see also White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) (noting that, "[w]ith a factual Rule 12(b)(1) attack, . . . a court may look beyond the complaint" and "need not presume the truthfulness of the plaintiffs' allegations").

Brown's Second Amended Complaint, the relevant document, fails to provide any proof that Brown was assigned claims by the more-than-one-thousand mortgagors he purports to represent. The entire language of assignment in the SAC reads as follows.

> Plaintiff Larry Brown (hereinafter, "Plaintiff") brings this Action as the assignee of Life Savers Concepts Association, Inc., a North Carolina corporation, and certain affiliates thereof (collectively hereinafter, "Life Savers"). Life Savers, in term, is the assignee of the claims of the individuals listed on Exhibit "A" attached hereto (collectively hereinafter, the "Assignors"), and it is solely in the capacity of assignee of the respective Assignors that Plaintiff appears herein.

Brown did not allege any facts—or provide any exhibits with his SAC—to support his bald assertion. Nor did Brown oppose Appellees' Motion to Dismiss on the basis of Rule 12(b)(1) with evidence, facts, or exhibits that would tend to support his statement. Brown's standing is entirely dependent on a valid assignment, therefore Brown's failure to provide proof of such is fatal to *all* of his claims.[1]

2.  Brown failed to show that the Show Cause Motion was improperly granted. Although the district court may have abused its discretion by failing to require a threshold showing that the letter was not privileged before reviewing it *in camera*, any such error was harmless. *See United States v. The Corp. (In re Grand Jury*

---

[1] Brown's untimely request for leave to amend his complaint is DENIED. Brown has not demonstrated that, even if we overlooked his untimeliness, the standing deficiencies could be cured by the proposed amendment.

*Investigation)*, 974 F.2d 1068, 1071, 1075 (9th Cir. 1992) ("Although the district court did apply [the wrong] threshold, the application of the correct threshold would not change the result."); *United States v. de la Jara*, 973 F.2d 746, 749 (9th Cir. 1992) ("The district court abused its discretion by declining to [require a threshold showing]. We may, however, affirm the district court 'on any ground fairly supported by the record.'" (footnote omitted) (quoting *Lee v. United States*, 809 F.2d 1406, 1408 (9th Cir. 1987))).

Appellees easily made the "minimal showing" that the information in the Victa Letter was not privileged or was subject to the crime-fraud exception. *In re Grand Jury Investigation*, 974 F.2d at 1071, 1074. Bank of America's counsel received an unsolicited email from an unknown sender that "strongly suggest[ed] that there ha[d] been malfeasance in connection with soliciting claims for [Brown's lawsuit]." Appellees referred the district court to consumer alerts issued by the

Federal Trade Commission "about similar fraud schemes underlying mass actions."[2]

3.      Brown has failed to show that the Victa Letter was privileged and not subject to the crime–fraud exception. *See United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009) (placing the burden of proof on the plaintiff). Brown contends that the letter was written by a former Executive Officer of Life Savers (Victa), who "had sat in on several meetings with Brown and his counsel where the litigation was discussed." Brown does not show that the Victa letter contains "confidential communications between [Brown and his attorney], which [were] made for the purpose of giving legal advice." *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011). Rather, Brown admits that the meetings Victa attended were conducted for information-gathering and that multiple Life Savers officers were present. Further, Brown has not shown that Life Savers had a common

---

[2] We reject Brown's contention that California State Bar, Formal Opinion No. 2013-188 ("State Bar Opinion") prohibited Appellees from referring to the contents of the Victa Letter in their request for an Order to Show Cause. The State Bar Opinion is advisory, not law; the parties were, instead, governed by Federal Rule of Civil Procedure 26(b)(5)(B). Even if the State Bar Opinion imposed a legally binding ethical obligation, it does not apply here. The State Bar Opinion addresses a situation in which an attorney receives an unsolicited letter that purports to contain confidential communications between an opposing party and its counsel. Upon learning of the confidential contents of the letter, the attorney would be ethically obligated to cease reading and relinquish the letter. Such was not the situation here.

interest in the litigation, such that Brown's communications with his counsel were protected despite Life Savers's officers' presence. *See Pac. Pictures Corp. v. U.S. Dist. Ct. for the C.D. of Cal. (In re Pac. Pictures Corp.)*, 679 F.3d 1121, 1129 (9th Cir. 2012) ("[A] shared desire to see the same outcome in a legal matter is insufficient to bring a communication between two parties within [the common interest doctrine]. Instead, the parties must make the communication in pursuit of a joint strategy in accordance with some form of agreement—whether written or unwritten.").

The Victa letter is not protected by the work-product privilege, because Brown has not shown that the Victa Letter, or any portion of the Victa Letter, was "prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A).

**AFFIRMED.**

7