**George A. and Bobbie GANT, Plaintiffs-Appellees,**

v.

**UNITED STATES of America, Defendant-Appellant.**

**No. 30974.**

United States Court of Appeals, Fifth Circuit.

May 5, 1971.

John L. Briggs, U. S. Atty., Orlando, Fla., Johnnie M. Walters, Asst. Atty. Gen., Meyer Rothwacks, John A. Townsend, Bennet N. Hollander, Attys., Tax Div., Dept. of Justice, Washington, D. C., for appellant.

Gordon D. Simonds, Law Offices of Gordon D. Simonds, Orlando, Fla., for appellees.

Before WISDOM, BELL and AINSWORTH, Circuit Judges.

PER CURIAM:

In July 1968 the taxpayers filed this suit for a refund of taxes in the amount of $4,933.19 plus interest as overpayments of income taxes paid by them for the year 1961.

On their returns for the calendar years 1961 through 1964 the taxpayers erroneously reported as income the husband's drawings from his medical partnership during the calendar year in which he received them. They should have reported the distributive share of the partnership income for the fiscal year of the partnership ending within the calendar year in which they reported their income as required by Section 706(a) of the Code. The plaintiffs discovered they had erroneously reported withdrawals rather than their distributive share of partnership income on their individual income tax returns for each of the years, 1961 through 1964, and on April 16, 1966, filed claims for refunds for these years. The Internal Revenue Service advised the taxpayers that their claim for refund with respect to the calendar year 1961 was rejected in full as not being timely filed; that their claim for refund for the year 1962 was accepted in full; that their claim for refund for the year 1963 was accepted in part; and a deficiency was determined with respect to the year 1964.

Under Sections 1311–1315 of the Internal Revenue Code the effect of the usual three year statute of limitations applicable to claims for refunds is mitigated if the Commissioner has maintained a position inconsistent with the erroneous inclusion. The Commissioner, relying on Heineman v. United States, 1968, 391 F.2d 648, 183 Ct.Cl. 17, contends that Sections 1311–1315 are inapplicable in that it was the taxpayer, not the Commissioner, who by filing the claim for refund maintained the inconsistent position in this case. *Heineman*, however, involved returns in unrelated years. We agree with the district court that a closer case is United States v. Rachal, 5 Cir. 1962, 312 F.2d 376, in which a determination of downward adjustments of closing inventories in one year had the necessary effect of shifting inventories in other years. Here, as in *Rachal*, the refund claim filed for 1961 was examined and made the subject of a report by the Commissioner through his agent.

The Commissioner seeks to distinguish *Rachal* on the basis that the claims there resulted from an audit by the Internal Revenue Service whereas the errors in this case were discovered by the taxpayers. This position implies that had the Service rather than the taxpayer discovered the error the claim would have been allowed. We agree with the district court: "this Court does not believe that recovery in this type of situation should turn on the technicality of who discovered the error".

When the taxpayers realized that an error had been made in the preparation of their returns, they voluntarily came forward and attempted to correct this error. They should not be penalized be-

cause they did not wait for the Internal Revenue Service to uncover the error. The system of taxation in the United States is one of voluntary compliance. Such voluntary compliance is to be encouraged.

The judgment is affirmed.