**LA REUNION FRANCAISE SA, Plaintiff–Appellant,**

v.

**Brad BARNES, Defendant–Appellee.**

No. 99–55487.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 2000

Filed May 3, 2001

Steven E. Goldman, Goldman & Hellman, New York, New York, and B. Alexander Moghaddam, Cogswell, Nazakawa & Chang, Long Beach, California, for appellant La Reunion Francaise SA.

Alex Hardiman, Haffner & Hardiman, Marina del Rey, California, Brian S. Kabateck, Quisenberry & Kabateck, LLP, Los Angeles, California, for appellee Brad Barnes.

Appeal from the United States District Court for the Central District of California; Consuelo B. Marshall, District Judge, Presiding. D.C. No. CV–98–07771–CBM.

Before: D.W. NELSON, BRUNETTI, and KOZINSKI, Circuit Judges.

D.W. NELSON, Circuit Judge:

La Reunion Francaise ("La Reunion"), a French insurance company, appeals a district court order dismissing its declaratory judgment action for lack of subject matter jurisdiction. The district court held there was no admiralty jurisdiction under 28 U.S.C. § 1333 over the disputed marine insurance policy because La Reunion failed to prove that the insurance contract was "wholly maritime in nature," or that the nonmaritime elements of the contract were incidental or severable. We conclude that the insurance contract is wholly maritime in nature. Therefore, we reverse and remand for the district court to exercise its admiralty jurisdiction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 10, 1997, La Reunion issued an insurance policy to Brad Barnes ("Barnes") for his twenty-foot powerboat valued at $64,000. Barnes renewed the policy for a second year in February 1998. The policy covered damage to the boat and insured against liability and theft. In addition, the policy included two conditions. Use of the boat was limited to the inland waters of California, and Barnes was required to store the boat on land for six months out of the year.

Barnes reported his powerboat as stolen from its dry dock storage location on May 15, 1998. After he submitted a claim for its insured value, La Reunion filed this action seeking to rescind the insurance contract because Barnes failed to disclose on his application that several of his trucks, automobiles, and motorcycles had been stolen. Barnes filed a motion to dismiss under Fed.R.Civ.P. 12(b)(6) which also challenged the court's subject matter jurisdiction. The district court dismissed the claim for lack of jurisdiction, and La Reunion filed this timely appeal.

## II. STANDARD OF REVIEW

■ We review de novo a district court's dismissal for lack of subject matter jurisdiction. *See Brady v. United States,* 211 F.3d 499, 502 (9th Cir.2000), *cert. denied,* —— U.S. ——, 121 S.Ct. 627, 148 L.Ed.2d 536 (2000). The district court's findings of fact relevant to its determination of subject matter jurisdiction are reviewed for clear error. *See United States ex rel Newsham v. Lockheed Missiles & Space Co.,* 190 F.3d 963, 968 (9th Cir.1999), *cert. denied,* 530 U.S. 1203, 120 S.Ct. 2196, 147 L.Ed.2d 232 (2000).

## III. DISCUSSION

■ We must determine whether a federal court has admiralty jurisdiction over a marine insurance policy that, besides covering damage to a boat while on the water, requires the policyholder to store his boat on land for half the year, insures against theft while on land, and limits navigation of the boat to inland waters of California.

■ "A contract is within admiralty jurisdiction if its subject matter is maritime." *Royal Ins. Co. of America v. Pier 39 Ltd.,* 738 F.2d 1035, 1036 (9th Cir.1984); *Aqua–Marine Constructors, Inc. v. Banks,* 110 F.3d 663, 671 (9th Cir.1997) ("It is ... the subject matter (rather than the place of execution or place of performance) of a contract which determines the existence of federal maritime jurisdiction over a contractual claim."). There is no clear test for whether the subject matter of a contract is maritime. Instead, we look to precedent and reason by analogy. *See Kossick v. United Fruit Co.,* 365 U.S. 731, 735, 81 S.Ct. 886, 6 L.Ed.2d 56 (1961) ("Precedent and usage are helpful insofar as they exclude or include certain common types of contract: a contract to repair or to insure a ship is maritime, but a contract to build a ship is not." (citations omitted)); *Royal Ins. Co.,* 738 F.2d at 1036.

■ We have recognized repeatedly that marine insurance policies are maritime contracts for purposes of admiralty jurisdiction. *See Simon v. Intercontinental Transp.*, 882 F.2d 1435, 1441 (9th Cir. 1989) (citing *New England Marine Ins. Co. v. Dunham*, 78 U.S. (11 Wall.) 1, 20 L.Ed. 90 (1870)); *Royal Ins. Co.*, 738 F.2d at 1036; *Stanley T. Scott & Co., Inc. v. Makah Dev. Corp.*, 496 F.2d 525, 526 (9th Cir.1974). Even so the label "marine insurance policy" alone is not enough to guarantee jurisdiction over a contract dispute. "For an insurance policy to be within admiralty jurisdiction, the interests insured, and not simply the risks insured against, must be maritime." *Royal Ins. Co.*, 738 F.2d at 1036. Thus, a policy covering a beach house against damage from the sea is not a maritime contract, but insurance for a vessel is clearly within the scope of admiralty jurisdiction. *See id.* at 1036–37.

Barnes contends there is no admiralty jurisdiction over the policy because its limitation to the "inland waters of California only" means he is not allowed to use his boat on navigable waters. This argument clearly fails. Even if admiralty jurisdiction over marine insurance contracts depended on the navigability of the waters involved, jurisdiction would be proper in this case. California's inland waters include the Sacramento River and the San Joaquin River, *see Gray v. Reclamation Dist. No. 1500*, 174 Cal. 622, 163 P. 1024, 1027 (1917), both of which are navigable. Nevertheless, the navigability of the waters is dispositive only in the tort context.[1] *See Sisson v. Ruby*, 497 U.S. 358, 362, 110 S.Ct. 2892, 111 L.Ed.2d 292 (1990) (juris-

diction over tort cases depends on whether the incident has "a potentially disruptive impact on maritime commerce"); *Victory Carriers, Inc. v. Law*, 404 U.S. 202, 205–06, 92 S.Ct. 418, 30 L.Ed.2d 383 (1971). For historical reasons, cases interpreting the scope of admiralty jurisdiction in the tort context have focused on the navigability of the waterways in which the tort occurred, whereas jurisdiction in contract cases depends on the subject matter of the contract. *See Kossick*, 365 U.S. at 735, 81 S.Ct. 886 ("The boundaries of admiralty jurisdiction over contracts-as opposed to torts or crimes-being conceptual rather than spatial, have always been difficult to draw."); *Simon v. Intercontinental Transport*, 882 F.2d 1435, 1440 (9th Cir.1989) ("Two distinct tests have evolved for determining the reach of this jurisdictional grant: a locality test for tort claims and a subject matter test for contract claims."). Because the underlying claim in this case is a dispute over an insurance contract, we look to the subject matter of that contract and evaluate its maritime character.

■ Generally, the subject matter of a contract must be "wholly maritime in nature to be cognizable in admiralty." *Id.* at 1442. However, there are two exceptions to this rule. If the nonmaritime elements of a contract are "merely incidental" to its primary maritime nature, or if the maritime obligations in the contract can be severed from the nonmaritime provisions and adjudicated separately without prejudice to the parties, then the case can be heard in admiralty. *Id.* The district court dismissed La Reunion's claim because it failed to prove the policy was wholly maritime in nature or that provi-

---

1. Our decision in *Seven Resorts, Inc. v. Cantlen*, 57 F.3d 771, 774 (9th Cir.1995), does not collapse the tort and contract inquiries into one navigability test. *Seven Resorts* holds only that the rental contract at issue in that case was not a maritime contract for purposes of admiralty jurisdiction. While we said that "admiralty jurisdiction over both tort and contract issues requires a connection to navigable waters," *id.*, we did not reject the subject matter test that our case law and Supreme Court precedent have consistently applied in determining whether a contract claim falls within admiralty jurisdiction.

sions requiring that the boat be stored on land for half the year and providing insurance against theft while on land were incidental or severable. We disagree.[2]

After reviewing the entire contract, we conclude that the subject matter of this insurance policy is wholly maritime in nature. The fact that Barnes is required to store his boat on land for six months of the year and that the policy provides coverage for theft on land does not change the policy's essential character. These provisions are maritime in nature in that they "relate[ ] to a ship in its use as such, or to commerce or to navigation on navigable waters, or to transportation by sea, or to maritime employment." *Aqua–Marine,* 110 F.3d at 670–71. As the Second Circuit recognized in finding admiralty jurisdiction over a similar policy:

> There are few objects—perhaps none—more essentially related to maritime commerce than vessels. They have no utility on land; they are taken ashore solely to make or keep them fit for use in the water, or to transport them from one body of water to another. Furthermore, taking smaller boats ashore for these purposes is important or essential to their use on the water. The risk of theft of boats is an important concern of maritime commerce.

*Sirius Ins. Co. v. Collins,* 16 F.3d 34, 36–37 (2d Cir.1994). Storing a boat on land and insuring against theft during transport both concern how to protect the boat for its use on the water. Moreover, requiring

storage for half the year and limiting use of the boat to inland waters minimizes the risk to the insurer from damage to the boat "in its use as such." *Aqua–Marine,* 110 F.3d at 670.

### IV. CONCLUSION

Based on the maritime nature of the insurance policy, we reverse the order dismissing this case and remand to the district court to exercise its admiralty jurisdiction over La Reunion's claim.

**REVERSED AND REMANDED.**

---

**2.** We note that the district judge improperly relied on *St. Clair v. City of Chico,* 880 F.2d 199, 201 (9th Cir.1989), for the proposition that "[p]laintiff bears the burden of establishing, by affidavits or other evidence, that subject matter jurisdiction does in fact exist." *St. Clair* held that a plaintiff bears this burden of production *after* a defendant challenges the facts underlying the jurisdictional allegations in a complaint based on evidence outside the pleadings. *See* 880 F.2d at 201. Only at that point does the burden shift to the plaintiff to produce extrinsic evidence. La Reunion alleged in its complaint that the district court had jurisdiction under 28 U.S.C. § 1333 over

its marine insurance policy. Attached to its complaint was a copy of that policy. Barnes did not challenge the substance of these allegations, only their formal sufficiency. As a result, there was nothing that an affidavit or additional evidence could provide that was not already in the complaint or the attached exhibits. *See St. Clair,* 880 F.2d at 202 ("Where ... the extra-pleading material demonstrates that the controlling questions of fact are undisputed, additional discovery would be useless."). Therefore, the district court should not have imposed a heightened burden on La Reunion to provide evidence beyond the pleadings.