Barbara J. SUTER; Horace Burl Suter, Jr.; Rachael J. Suter, Plaintiffs—Appellants,

v.

Neal G. CURY, Jr., Hospital Corporation of America; Hospital Corporation of America; Columbia–Hca, Inc.; Thomas A. Frist, Jr.; Edward Stack;

James Don; Health Acquisition Services, Inc.; Nevada Psychiatric Company, Inc.; Doe Doctors, I–XX; Does, I–X, Defendants—Appellees.

No. 00–16901.

D.C. No. CV–99–00286–DWH(RAM).

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 12, 2002 *.

Decided March 4, 2002.

Before D.W. NELSON, HAWKINS, Circuit Judges; FITZGERALD,** District Judge.

MEMORANDUM ***

Appellants ("Suters") appeal dismissal of their action in federal district court asserting constitutional claims arising from alleged "litigation fraud" perpetrated upon them in the course of state court proceedings. Judge Hagen dismissed the Suters' federal action for lack of subject matter jurisdiction, citing the *Rooker–Feldman* doctrine. Finding no jurisdiction for the federal claims, Judge Hagen also dismissed the Suters' supplemental claims. We affirm.

Dismissal for lack of subject matter jurisdiction is reviewed *de novo. La Reunion Francaise SA v. Barnes,* 247 F.3d 1022, 1024 (9th Cir.2001). This court reviews the district court's findings of fact relevant to its determination of subject matter jurisdiction for clear error. *Id.* A district court's decision whether to retain jurisdiction over supplemental claims when the original federal claims are dismissed is reviewed for abuse of discretion. *Brown v. Lucky Stores, Inc.,* 246 F.3d 1182, 1187 (9th Cir.2001).

Under the *Rooker–Feldman* doctrine federal district courts have no jurisdiction to review state court civil judgments. *D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 482, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). "[I]f the constitutional claims presented to a United States district court are inextricably intertwined with [a state court's decision], then the district court is in essence being called upon to review the state court decision" and is without jurisdiction. *Worldwide Church of God v. McNair,* 805 F.2d 888, 892 (9th Cir.1986) (quoting *Feldman,* 460 U.S. at 483–84 n. 16, 103 S.Ct. 1303).

Judge Hagen was clearly correct in dismissing the Suters' federal claims. The claims presented to the federal district court are factually inextricably intertwined with the Nevada state courts' determinations in the Suters' state court litigation. The Suters' argument for a fraud exception, based upon allegedly newly acquired evidence that was not available at the time their state court proceedings were underway, is unavailing. The proper court in which the Suters should have asserted fraud in the procurement of the judgment against them is the Nevada court that rendered the judgment. Nevada provides litigants ample opportunity to set aside judgments procured by fraud upon the

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* The Honorable James M. Fitzgerald, Senior District Judge for the District of Alaska, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

court. *Price v. Dunn,* 106 Nev. 100, 787 P.2d 785, 787 (Nev.1990).

We find the Suters' other arguments attempting to escape application of the *Rooker–Feldman* doctrine and other claims of error below likewise unavailing. Having properly dismissed the federal claims, Judge Hagen did not abuse his discretion in dismissing the supplemental claims.

AFFIRMED.