**Cecil BRUMMETT, Jr. and Sharon Brummett, husband and wife, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

No. CIV.02–3005–CO.

United States District Court, D. Oregon.

Aug. 15, 2002.

**1254**

Kent Anderson, Kent Anderson & Associates, Eugene, OR, for Plaintiffs.

Jeremy Nolan Hendon, U.S. Dept. of Justice, Tax Division, Washington, DC, for Defendant.

## ORDER

AIKEN, District Judge.

Magistrate Judge Cooney filed his Findings and Recommendation on July 9, 2002. The matter is now before me. *See* 28 U.S.C. § 636(b)(1)(B) and Fed.R.Civ.P. 72(b). No objections have been timely filed. This relieves me of my obligation to give the factual findings *de novo* review. *Lorin Corp. v. Goto & Co., Ltd.,* 700 F.2d 1202, 1206 (8th Cir.1983). *See also Britt v. Simi Valley Unified School Dist.,* 708 F.2d 452, 454 (9th Cir.1983). Having reviewed the legal principles *de novo,* I find no error.

THEREFORE, IT IS HEREBY ORDERED that, I adopt Judge Cooney's Findings and Recommendation.

## FINDINGS AND RECOMMENDATION

COONEY, United States Magistrate Judge.

Plaintiffs filed this action for recovery of federal income tax and interest erroneously or illegally assessed and collected. Plaintiffs allege Defendant failed to apply the statute of limitations mitigation provisions, 26 U.S.C. §§ 1311–14. Plaintiffs allege jurisdiction pursuant to 28 U.S.C. § 1346(a)(1), 26 U.S.C. § 6532 and 26 U.S.C. § 7422.

Defendant moves to dismiss the complaint for a lack of subject matter jurisdiction. (# 5).

## I. *FACTS*

The following paragraphs paraphrase relevant portions of Plaintiffs' complaint allegations, as well as statements contained in the Declaration of Jeremy N. Hendon:

Plaintiff Cecil Brummett, Jr. received taxable pension benefits for 1992–95. (Plaintiffs' Complaint ¶ 4). He and Plaintiff Sharon Brummett filed and paid their tax liability no later than April 19 the following respective years. (Hendon Declaration Exhibits 1–4).

In June 1998, the U.S. Department of Labor's Worker's Compensation Appeals Board (WCAB) ruled the U.S. Department of Labor's Office of Worker's Compensation Programs improperly terminated Plaintiff Cecil Brummett, Jr.'s tax-exempt worker's compensation benefits. (Pls.' Compl. ¶¶ 5, 7). He retroactively received worker's compensation benefits for 1992–95, reduced by the pension benefits previously received. (Pls.' Compl. ¶ 6).

In November 1999, Plaintiffs sought a refund from the Internal Revenue Service (IRS) of $14,486 in income tax paid for 1992–95. (Pls.' Compl. ¶¶ 11, 17, 23, 29). Plaintiffs based the claim on the WCAB's reclassification of pension benefits to tax-exempt worker's compensation benefits.

(*Id.*). In December 1999, the IRS denied the claim, because it received the claim after the filing deadline and was unable to mitigate the statute of limitations. (Pls.' Compl. ¶¶ 12, 18, 24, 30).

## II. *LEGAL STANDARDS*

The court presumes lack of subject matter jurisdiction until Plaintiffs prove otherwise in response to Defendant's Rule 12(b)(1) motion. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *La Reunion Francaise SA v. Barnes*, 247 F.3d 1022, 1026 n. 2 (9th Cir.2001). Defendant factually attacks the existence of subject matter jurisdiction. *Thornhill Publ'g Co., Inc. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir.1979). When determining subject matter jurisdiction, the court may consider material outside the pleadings without converting the motion to dismiss into a motion for summary judgment. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir.1988), *cert. denied*, 489 U.S. 1052, 109 S.Ct. 1312, 103 L.Ed.2d 581 (1989). In resolving the matter based on declarations without an evidentiary hearing, the court presumes the truthfulness of the complaint allegations. *McLachlan v. Bell*, 261 F.3d 908, 909 (9th Cir.2001).

## III. *DISCUSSION*

Both parties agree Plaintiffs failed to meet the statute of limitations. Plaintiffs argue: (1) the mitigation provisions circumvent the statute of limitations; and (2) equitable estoppel prevents the Defendant from invoking the statute of limitations. Defendant contends: (1) Plaintiffs failed to satisfy the mitigation provisions; and (2) equitable estoppel is inappropriate against the government.

### *Mitigation Provisions*

Plaintiffs argue the mitigation provisions provide subject matter jurisdiction. For the mitigation provisions to apply, Plaintiffs must show: (1) a determination of erroneous tax treatment as defined by 26 U.S.C. § 1313(a) and 26 U.S.C. § 1311(a); (2) an error that falls within a circumstance in 26 U.S.C. § 1312; and (3) a determination that is inconsistent with a determination made in another prior year as defined by 26 U.S.C. § 1311(b). *Beaudry Motor Co. v. United States*, 98 F.3d 1167, 1168 (9th Cir.1996). The mitigation provisions only provide relief in limited circumstances and are narrowly construed. *Id.* (citing *Schwartz v. United States*, 67 F.3d 838, 839–40 (9th Cir.1995)). "The party asserting mitigation has the burden of showing its applicability." *Schwartz*, 67 F.3d at 840; *United States v. Rushlight*, 291 F.2d 508, 514 (9th Cir.1961) (construing predecessor statute, 26 U.S.C. § 3801).

Plaintiffs fail to show a determination of erroneous tax treatment. Plaintiffs contend the WCAB's action is a determination. Defendant contends the WCAB is not a court of competent jurisdiction and cannot make a determination.

A determination includes "a decision by the Tax Court or judgment, decree, or any other order by any court of competent jurisdiction, which has become final." 26 U.S.C. § 1313(a)(1). Congress did not define a "court of competent jurisdiction" for the mitigation provisions. Courts generally recognize determinations made by Article III courts. *See, e.g., Comm'r v. Estate of Weinreich*, 316 F.2d 97, 104 (9th Cir. 1963) (accepting determination by U.S. court of appeals); *Chertkof v. Comm'r*, 649 F.2d 264, 267 (4th Cir.1981) (accepting determination by U.S. district court); *Birchenough v. United States*, 187 Ct.Cl.

702, 410 F.2d 1247, 1249 (1969) (accepting determination by U.S. Court of Claims). However, courts do not always treat a judicial decision as a determination. *See, e.g., Shields v. United States*, 375 F.2d 457, 460 (6th Cir.1967) (rejecting decision by Ohio probate court); *Provident Nat'l Bank v. United States*, 507 F.Supp. 1197, 1202 (E.D.Pa.1981) (rejecting U.S. Tax Court decision on estate tax matter); *Fruit of the Loom, Inc., v. Comm'r*, 68 T.C.M. (CCH) 867 (U.S.Tax Ct.1994) (rejecting U.S. court of appeals and district court decisions unrelated to disputed tax).

The court cannot find any precedent of the WCAB acting as a "court of competent jurisdiction" to make a "determination." Plaintiffs cite *Gant v. United States*, 1970 WL 334 (M.D.Fla. June 11, 1970), *aff'd*, 441 F.2d 1130 (5th Cir.1971). *Gant* does not address the issue or apply.

However, the U.S. Court of Federal Claims declined to accept a decision by an executive branch agency as sufficient to achieve the mitigation provision's goal: circumvention of the statute of limitations. *Sullivan v. United States*, 46 Fed.Cl. 480 (2000). In *Sullivan*, the U.S. Department of Veteran Affairs (VA) reclassified retired U.S. Navy Capt. Sullivan's status to 100 percent disabled eight years after his initial claim. *Id.* at 482–83. Capt. Sullivan asked the IRS to refund taxes paid on income previously received as taxable retirement benefits, but reclassified by the VA as exempt disability payments. *Id.* at 483. Capt. Sullivan cited language in Title 38 (Veterans' Benefits) authorizing the VA's retroactive benefit reclassification. *Id.* at 488. The court found that the language "does not address retroactivity under the tax code, which is found in Title 26. The Plaintiffs have not cited to any specific language in Title 38 which overrides the

tax code provisions regarding the applicable statute of limitations in tax cases." *Id.*

Plaintiffs, like Capt. Sullivan, argue they can circumvent the statute of limitations because of the administrative benefit reclassifications. In *Sullivan*, the court refused to ignore the statute of limitations, because Capt. Sullivan's administrative reclassification came under Title 38 (Veterans' Benefits) and not Title 26 (Internal Revenue Code). Plaintiffs raise an administrative reclassification under Title 5 (Government Organization and Employees), rather than Title 26. Applying *Sullivan*, the court finds Plaintiffs may not use an administrative reclassification outside Title 26 to achieve the mitigation standards' purpose: circumvention of the statute of limitations.

■ Plaintiffs fail to show a determination by a court of competent jurisdiction to satisfy the mitigation provisions' first requirement. The WCAB does not function as a court of competent jurisdiction for matters of tax liability, so its action is not a determination to satisfy the mitigation provisions.

Even if the WCAB's action serves as a determination, Plaintiffs fail to satisfy the mitigation provisions' second requirement: the determination falls within a circumstance identified in 26 U.S.C. § 1312. Plaintiffs argue there is "[d]ouble inclusion of an item of gross income." 26 U.S.C. § 1312(1). Defendant contends there is no double inclusion.

To be considered double inclusion, "[t]he determination requires the inclusion [of an item] in gross income ... which was erroneously included in the gross income of the taxpayer for another taxable year...." § 1312(1). Gross income fits in one of 15 categories. 26 U.S.C. § 61. Pension ben-

efits are gross income. 26 U.S.C. § 61(a)(11). Worker's compensation benefits are not gross income. 26 U.S.C. § 104(a)(1). "'[G]ross income,' as it is used in § 1312, must be given the same meaning that it has in 26 U.S.C. § 61." *Bean v. United States*, 1996 WL 115456, at *3 (W.D.Wash. Jan.8, 1996).

The Code of Federal Regulations illustrates double inclusion. 26 C.F.R. § 1.1312–1. Two examples involve a discrete item of income reported erroneously in one year and shifted to be reported properly in another year. § 1.1312–1(b). "[T]he final determination requires the double inclusion of an item of gross income in the sense that double taxes on the same item of gross income were paid to the IRS and remain in their possession." *Cocchiara v. United States*, 779 F.2d 1108, 1113 (5th Cir.1986).

Plaintiffs can only show a single inclusion of a discrete item as gross income: worker's compensation benefits for 1992–95 that remains erroneously treated as pension benefits. Any subsequent correct treatment of the 1992–95 income as worker's compensation benefits places the income outside of gross income and precludes invocation of double inclusion. Plaintiffs cannot show inclusion of a discrete item of gross income in "another taxable year" and fail to show double inclusion.

Plaintiffs argue a hypothetical double inclusion. The initial inclusion results from the 1992–95 income taxed as pension benefits. A second inclusion occurs if Plaintiff Mr. Brummett stops receiving worker's compensation benefits and again receives pension benefits. The IRS then will tax the pension benefits a second time as Plaintiffs already paid taxes on the pension benefits for 1992–95.

Plaintiffs do not provide any statutes or cases to support their position. *Gant* does not support their argument. That case involved a discrete item of income shifted between two existing years: 1961 and 1962. Plaintiffs only show an initial inclusion of income in 1992–95; they do not provide evidence of a second inclusion of the same income. Therefore, *Gant* does not apply.

The court is unwilling to allow Plaintiffs to continue their action using the mitigation provisions based on a hypothetical situation. Plaintiffs fail to show double inclusion of gross income to satisfy the mitigation provisions.

Even if a determination and double inclusion exist, Plaintiffs fail to show an inconsistent position. To invoke the mitigation provisions, Plaintiffs must show "there is adopted in the determination a position maintained by the Secretary ... and the position maintained by the Secretary ... is inconsistent with the erroneous inclusion [in the disputed year]...." 26 U.S.C. § 1311(b)(1).

If the WCAB can and did make a determination, the court considers whether the "Secretary" maintained a position in the determination. Plaintiffs uses statutory definitions to argue the WCAB acts as the secretary's delegate, creating an inconsistent position relative to the IRS's position. Defendant contends the WCAB is not the secretary's delegate. The secretary does not maintain a position for the determination, Defendant argues, and no inconsistent position exists.

The mitigation provision uses the term "Secretary," defined as "the Secretary of Treasury or his delegate." 26 U.S.C. § 7701(a)(11)(B). Delegate, "when used with reference to the Secretary of the

Treasury, means any officer, employee, or agency of the Treasury Department duly authorized by the Secretary of the Treasury directly, or indirectly by one or more redelegations of authority, to perform the function mentioned or described in the context." 26 U.S.C. § 7701(a)(12)(A)(i). Delegate, "when used with reference to any other official of the United States, shall be similarly construed." 26 U.S.C. § 7701(a)(12)(A)(ii). Delegate, "in relation to the performance of functions in Guam or American Samoa ..., also includes any officer or employee of any other department or agency of the United States, or of any possession thereof, duly authorized by the Secretary (directly, or indirectly by one or more redelegations of authority)...." 26 U.S.C. § 7701(a)(12)(B).

Plaintiffs' statutory interpretation is not plausible based on the explicit statutory language for delegation of authority to non-treasury entities in Guam and American Samoa. Plaintiffs fail to cite any precedent to support their position. *Gant* does not address a non-treasury entity holding an inconsistent position.

Congress specifically authorized the U.S. Attorney General, at the request of the "Secretary," to adjudicate tax matters to final determination. 26 U.S.C. § 7401, 7403; *see, e.g., United States v. McCallum,* 970 F.2d 66, 68–69 (5th Cir.1992); *United States v. Miller,* 1999 WL 250769, at *2 (W.D.Wash. March 1, 1999). "The method which the Secretary uses most often to delegate authority to department heads, including the Commissioner, is the issuance of a Treasury Department Order." *Stamos v. Comm'r,* 95 T.C. 624, 629, 1990 WL 199493 (1990) (citing *Hatcher v. United States,* 733 F.Supp. 218 (M.D.Pa.1990)); *see, e.g., Hoffman v. United States,* 209 F.Supp.2d 1089, 1093 (W.D.Wash.2002)

("The Secretary of the Treasury properly delegated his authority pursuant to statute and regulation to IRS employees."); *Elias v. United States,* 1992 WL 465749, at *8 (C.D.Cal. Nov.6, 1992) (government presents delegation orders). In *Howard v. Adle,* the court found during government seizure of property, "[a]n employee of another executive department, such as the Post Office, does not meet the definition of 'delegate.'" 538 F.Supp. 504, 507 (E.D.Mich.1982).

Plaintiffs fail to present any factual support showing Congress or the secretary of the U.S. Department of Treasury delegated authority to the WCAB. Without factual or legal support showing the WCAB is a delegate of the Secretary, Plaintiffs fail to show an inconsistent position necessary to invoke the mitigation provisions.

Plaintiffs may not invoke the mitigation provisions. They have failed to show that they satisfy any of the three requirements.

### *Equitable Relief*

Plaintiffs propose a "pure estoppel theory" and ask the court to use its "equitable authority" so they may maintain their claim. The Supreme Court specifically rejected equitable tolling and generally rejected all equitable relief from the statute of limitations for refunds under 26 U.S.C. § 6511. *United States v. Brockamp,* 519 U.S. 347, 117 S.Ct. 849, 136 L.Ed.2d 818 (1997). "Can courts toll, for nonstatutory equitable reasons, the statutory time (and related amount) limitations for filing tax refund claims set forth in § 6511 of the Internal Revenue Code of 1986? We hold that they cannot." *Id.* at 348, 117 S.Ct. 849.

Section 6511's detail, its technical language, the iteration of the limitations in

both procedural and substantive forms, and the explicit listing of exceptions, taken together, indicate to us that Congress did not intend courts to read other unmentioned, open-ended, "equitable" exceptions into the statute that it wrote. There are no counterindications. Tax law, after all, is not normally characterized by case-specific exceptions reflecting individualized equities.

... The nature and potential magnitude of the administrative problem [of allowing equitable claims for relief from the statute of limitations] suggest that Congress decided to pay the price of occasional unfairness in individual cases (penalizing a taxpayer whose claim is unavoidably delayed) in order to maintain a more workable tax enforcement system. At the least it tells us that Congress would likely have wanted to decide explicitly whether, or just where and when, to expand the statute's limitations periods, rather than delegate to the courts a generalized power to do so wherever a court concludes that equity so requires.

*Id.* at 352–53, 117 S.Ct. 849.

■ Courts consistently read *Brockamp* broadly to reject all equitable relief. *E.g., PALA, Inc., v. United States,* 234 F.3d 873, 880 n. 40 (5th Cir.2000) ("[C]ourts can not equitably toll the statute of limitations for refund claims under section 6511 of the Internal Revenue Code."); *Video Training Source, Inc. v. United States,* 991 F.Supp. 1256, 1263 (D.Colo.1998) ("*Brockamp* proscribes all 'equitable' exceptions to the limitations periods of section 6511."); *Beydoun v. United States,* 969 F.Supp. 283, 285 n. 5 (D.N.J.1997) (*Brockamp* "pertains to all equitable exceptions, both estoppel and tolling."); *Thomasson v. United States,* 1997 WL 220321, at *4 (N.D.Cal.

April 21, 1997) (*Brockamp* "foreclosed all equitable exceptions to the limitations period provided in § 6511."); *Chaney v. United States,* 45 Fed.Cl. 309, 319 (1999) ("Due to the consistently strict application of the applicable statute of limitations in tax refund claims, plaintiffs are precluded from relying on equitable estoppel in order to extend the statute of limitations against the IRS."). Plaintiffs fail to cite any authority to support their position. Based on *Brockamp,* the court may not use its equitable power to provide relief for the Plaintiffs.

## IV. *RECOMMENDATION*

Based on the foregoing, it is recommended that Defendant's motion to dismiss be granted with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

Dated July 9, 2002.