**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUNE FOSTER,

Plaintiff - Appellant,

v.

KNTV TELEVISION, INC., a
Corporation; GRANITE
BROADCASTING CORPORATION,

Defendants- Appellees.

No. 10-15031

D.C. No. 5:06-cv-5688 JF

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Jeremy Fogel, District Judge, Presiding

Argued & Submitted April 11, 2011
San Francisco, California

Before: NOONAN and N.R. SMITH, Circuit Judges, and COLLINS, District
Judge.[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36-3.

[**]    The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

1

Foster appeals from the district court's dismissal of her lawsuit for lack of subject matter jurisdiction. We review the district court's determination of subject matter jurisdiction *de novo*, *Zuress v. Donley*, 606 F.3d 1249, 1252 (9th Cir. 2010), and the factual findings relevant to the determination of subject matter jurisdiction for clear error, *La Reunion Francaise SA v. Barnes*, 247 F.3d 1022, 1024 (9th Cir. 2001). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we AFFIRM.

1. The district court properly dismissed for lack of jurisdiction, because (1) Foster, as the plaintiff in the state court action, was completely barred from removing the action to federal court, *Am. Int'l Underwriters (Phil.), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1260 (9th Cir. 1988); and (2) Foster sought to bring a *de facto Rooker-Feldman* appeal, complaining of "a legal injury caused by a state court judgment, based on an allegedly erroneous legal ruling. . . . ," *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003); *id.* at 1154 ("Under *Rooker-Feldman*, a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court."). The court also lacked subject matter jurisdiction over Foster's 42 U.S.C. § 1983 claim, because it is "inextricably intertwined" with the *de facto* appeal to the extent that it alleges a general constitutional violation Foster claims resulted from her appellate losses in state court. *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1142 (9th Cir. 2004).

2

2. Although Federal Rule of Civil Procedure 15(a) requires that leave to amend be freely given when justice so requires, if it is clear the court lacks subject matter jurisdiction and amendment could not cure the problem, the court must dismiss the case in its entirety. *Carvalho v. Equifax Info. Servs., L.L.C.*, 629 F.3d 876, 892-93 (9th Cir. 2010). Amendment here would have been futile, because Foster's proposed amendment still alleged removal jurisdiction and raised claims barred under the *Rooker-Feldman* doctrine. Likewise, amending Foster's § 1983 claim would have been futile, because that claim was barred by the statute of limitations, which ran one year from the date of her termination in 2001. Cal. Civ. Proc. Code § 340; *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999).

3. The district court was not required to give Foster notice and an opportunity to be heard before it dismissed for lack of subject matter jurisdiction. *Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003). Nonetheless, the court allowed both parties to brief the jurisdiction issue before affirming its order to dismiss on purely jurisdictional grounds.

**AFFIRMED.**