FILED

DEC 15 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| IDALIE MUNOZ MUNOZ, | No. 13-35915 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-01475-JCC |
| v. | |
| GARY F. LOCKE, Secretary United States Department of Commerce; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted December 9, 2015[**]

Before:      WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

Idalie Munoz Munoz appeals pro se from the district court's summary

judgment and dismissal of various federal and state law claims in her employment

discrimination action.  We have jurisdiction under 28 U.S.C. § 1291.  We review

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

de novo.  *Brantley v. NBC Universal, Inc.*, 675 F.3d 1192, 1197 (9th Cir. 2012) (dismissal for failure to state a claim); *Dawson v. Entek Int'l*, 630 F.3d 928, 934 (9th Cir. 2011) (summary judgment); *La Reunion Francaise SA v. Barnes*, 247 F.3d 1022, 1024 (9th Cir. 2001) (dismissal for lack of subject matter jurisdiction). We may affirm on any ground supported by the record.  *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1047 (9th Cir. 2009).  We affirm.

The district court properly dismissed Munoz Munoz's Family Medical Leave Act ("FMLA") claim because Munoz Munoz never provided defendant notice of her intent to take FMLA leave.  *See Sanders v. City of Newport*, 657 F.3d 772, 778 (9th Cir. 2011) (to state an FMLA claim, the plaintiff must show that she provided "sufficient notice of [her] intent to take leave," among other elements).

The district court properly dismissed Munoz Munoz's breach of contract, wrongful termination, and due process claims for lack of subject matter jurisdiction because the Civil Service Reform Act ("CSRA") provides the exclusive administrative remedies for these claims.  *See Elgin v. Dep't of Treasury*, 132 S. Ct. 2126, 2132, (2012) (concluding that the CSRA precluded federal jurisdiction over constitutional claims for equitable relief); *Mangano v. United States*, 529 F.3d 1243, 1246–47 (9th Cir. 2007) (explaining that the CSRA provides a remedial framework for federal employees to challenge "prohibited personnel practices,"

including termination; "[i]f the challenged conduct 'falls within the scope of the CSRA's "prohibited personnel practices," then the CSRA's administrative procedures are [the employee's] only remedy'"); *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (concluding that the CSRA preempted common law tort claims).

Dismissal of Munoz Munoz's failure-to-accommodate claim under the Rehabilitation Act of 1973 ("RA") was proper because Munoz Munoz failed to show that she timely exhausted her administrative remedies under the RA prior to filing her complaint in the instant action. *See* 29 C.F.R. § 1614.105(a)(1) (a federal employee alleging disability discrimination must consult with an EEO counselor within 45 days of the discriminatory act or personnel action prior to filing a complaint); *Cherosky v. Henderson*, 330 F.3d 1243, 1245 (9th Cir. 2003) (explaining that "a federal employee must exhaust available administrative remedies" in order to bring a claim under the RA).

The district court properly granted summary judgment on Munoz Munoz's discrimination and retaliation claims under the RA because Munoz Munoz failed to raise a genuine dispute of material fact as to whether defendants' proffered legitimate reason for her termination was pretextual. *See Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 887–88 (9th Cir. 2004) (setting forth elements of

a prima facie case for retaliation under the RA and explaining burden-shifting framework which requires a plaintiff to rebut as pretextual a defendant's proffered legitimate reason for the adverse employment action to avoid summary judgment); *Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1005 (9th Cir. 2007) (setting forth elements of prima facie case for disability discrimination under the RA).

We reject Munoz Munoz's contentions that the district court engaged in various acts of alleged misconduct during her case, was biased against her, and improperly denied her motion for judgment.

Munoz Munoz's request to refer the alleged evidence tampering acts for criminal investigation and prosecution, set forth in her Opening Brief, is denied.

We do not consider issues or arguments not specifically and distinctly raised and argued in the opening brief, or raised for the first time in the reply brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**